IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARTIN ALCANTAR-LOPEZ,

                                                                   ORDER

                Petitioner,

                                                    10-cv-225-bbc

     v.

CAROL HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Martin Alcantar-Lopez, a federal prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the filing fee. He contends that his good time credits were revoked in violation of his right to due process.

        Petitioner includes few facts in his petition, but some of the context for his claims is fleshed out in the attachments. While petitioner was housed at the Reeves County Detention Center in Texas in 2009, he was accused of participating in a riot that lasted several days in late January and early February. In particular, an officer wrote that he witnessed petitioner "using the fire hose [to] assaul[t] the team." On April 30, 2009, after petitioner was transferred to the Federal Correctional Institution in Oakdale, Louisiana, he

1

received a hearing. A staff advocate represented petitioner and one prisoner witness appeared on his behalf, testifying that petitioner was not involved in the riot. The disciplinary hearing officer found petitioner guilty of rioting and attempted assault, concluding that the officer who provided a witness statement was more credible than petitioner and his prisoner witness. As a result, petitioner lost 41 days of good conduct time and 1 year of visiting and telephone privileges. In addition, he was placed in segregation for 60 days.

Petitioner raises four claims in his petition. First, he says that he did not receive adequate notice of the hearing because the document he received stated only that the hearing would be held on the "next available docket" without specifying the date. Second, petitioner says that the delay between the charge and his hearing prevented him from preparing a defense because, once he was transferred to a different prison, he "could not talk to the other inmates accused of this riot to get witnesses." Third, he says that he was not advised of his right to call witnesses. Although he has attached a form that indicates he *was* informed of this right, he says he has "never seen" that document. In addition, he says that, if had "been advised of [his] rights, [he] would have called witnesses from the jail where the riot occurred not just the one who happened to be in Oakdale." Fourth, petitioner says that there was "no evidence of guilt."

A prisoner's challenge to a loss of good time credits is properly brought in a petition

2

for a writ of habeas corpus because such credits give prisoners a vested interest in earlier release. Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007); Thomas v. McCaughtry, 201 F.3d 995, 999 n.4 (7th Cir. 2000); Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997); Meeks v. McBride, 81 F.3d 717, 719 (7th Cir. 1996); Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983). Section 2241 is the proper statute because petitioner is "attacking the . . . length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). Although the events giving rise to the petition did not occur in this district, venue is proper here because petitioner is now incarcerated at the Federal Correction Institution in Oxford, Wisconsin, where respondent Carol Holinka is the warden. Moore v. Olson, 368 F.3d 757, 758-60 (7th Cir. 2004) (venue is proper in district where petitioner is incarcerated); al- Marri v. Rumsfeld, 360 F .3d 707, 712 (7th Cir. 2004) (current custodian is proper respondent in habeas case).

Before the government may take away a prisoner's good time credits, the due process clause requires prison officials to provide several procedural protections, subject to the legitimate security needs of the prison: (1) advance written notice of the disciplinary charges; (2) an opportunity to be heard by an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in the prisoner's defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the

3

disciplinary action. Scruggs, 485 F.3d at 939. In addition, the government must have "some evidence" of the prisoner's guilt of the alleged misconduct. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). This does not mean that prison officials must prove guilt beyond a reasonable doubt or even by a preponderance of the evidence. Rather, the standard is a "lenient" one. Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Id.

I disagree with petitioner's claim that the hearing officer had "no evidence" of his guilt. The officer relied on the eyewitness statement of a guard in concluding that petitioner participated in the riot. That is sufficient. E.g., Moffat v. Broyles, 288 F.3d 978, 981 (7th Cir. 2002) (concluding that eye witness testimony of guards satisfied "some evidence" requirement). Although it seems that the guard provided a written statement instead of appearing in person, ordinary rules of evidence do not apply to disciplinary hearings. Hearsay testimony is admissible. E.g., McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (concluding that incident report was sufficient). The hearing officer explained that he found the guard's statement to be more credible that petitioner's because "[s]taff are obligated to provide accurate and factual accounts of inmate conduct, whereas [petitioner has] numerous reasons to misrepresent the facts in this matter." Dkt. #1-4.

4

Further, it does not matter that plaintiff's testimony and that of another prisoner contradicted that of the guard. In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." Hill, 472 U.S. at 455-56. In other words, the requirements of due process are satisfied even when the evidence does not all point in the same direction.

I cannot rule on petitioner's three remaining claims because they seem to rely on inconsistent factual premises. Plaintiff's first claim is that the written notice he received did not identify the particular date of the hearing. He attaches a notice stating that "the hearing will be held [at the] next available docket." This same document states that "[y]ou will also have the right to call witnesses at the hearing and to present documentary evidence on your behalf; provided calling your witnesses will not jeopardize institutional safety." The document asks the prisoner to name any requested witnesses. In the space provided, the document lists the name of the witness that plaintiff called at his hearing.

However, in his third claim, petitioner alleges that he did not receive the notice about his right to call witnesses and says that the Bureau of Prisons "c[a]me up with" that notice during the grievance process. Since the language regarding the right to call witnesses is part of the same notice that identified when the hearing would be held, it is not clear how both these claims can be true. Further, petitioner acknowledges that he did call the prisoner

5

witness listed on the notice. Petitioner fails to explain how he was able to call a witness if he was not even aware of his right do so. This discrepancy relates to the second claim as well because that claim is that petitioner was unable to call witnesses from the facility where the riot occurred. Whether petitioner did or did not receive notice of his right to call witnesses could be relevant in assessing the merits of that claim.

Accordingly, I will give petitioner an opportunity to clarify his allegations. Petitioner should file a supplement to his petition in which he answers the following questions:

- Did he receive a written notice of the disciplinary hearing?

- If he did receive a written notice, what did that notice say? (If petitioner received a written notice, he should attach a copy of that notice to his supplement.)

- If he did not receive a written notice, did he receive verbal notice? If so, who provided the notice and what information did petitioner receive?

- If petitioner did not receive a notice of his rights to call witnesses, how was he able to call a prisoner witness at the hearing?

- Did petitioner request permission to call witnesses from the Reeves County Detention Center or to collect written statements from them? If he did request such permission, what was the response to the request? If he did not make such a request, why did he fail to do so?

Petitioner is reminded that his supplement must be verified in accordance with 28 U.S.C. § 2242. That is, petitioner must declare under penalty of perjury that everything in the supplement is true and correct. 18 U.S.C. § 1621.

6

ORDER

IT IS ORDERED that petitioner Martin Alcantar-Lopez may have until June 8, 2010, to file a supplement to his petition answering the questions raised in this order. If petitioner does not respond by that date, the clerk of court is directed to close the case.

Entered this 24th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge