IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARTIN ALCANTAR-LOPEZ,

                                                                                  ORDER

                Petitioner,

                                                                 10-cv-225-bbc

     v.

CAROL HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Martin Alcantar-Lopez has filed a supplement to his petition for a writ of habeas corpus in response to the court's May 24, 2010 order asking petitioner to clarify the scope of his claims. In his original petition petitioner alleged that prison officials had found him guilty of participating in a riot and revoked some of his good time credits without providing him due process. He asserted four deficiencies in the proceedings: (1) he did not have enough time to prepare for his hearing because "the Notice simply says 'Next available docket'" without identifying a particular date; (2) he was unable to contact potential witnesses because he did not receive a hearing until he was transferred to another prison; (3) he was "never given a 'notice of right' DHO form and was "never advised of [his] right to call witnesses at the hearing"; and (4) there was "no evidence" of his guilt.

1

In the May 24 order, dkt. #5, I rejected petitioner's fourth argument because the hearing officer's decision showed that the officer had relied on the eyewitness statement of another officer. Moffat v. Broyles, 288 F.3d 978, 981 (7th Cir. 2002) (concluding that eyewitness testimony of guards satisfied "some evidence" requirement); McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (concluding that incident report was sufficient). I asked petitioner to clarify his remaining claims because they seemed to be inconsistent with each other. For example, petitioner's first argument was that the written notice he received was deficient, but his third argument was that he did not receive a written notice.

Unfortunately, petitioner's supplement makes matters worse. He now alleges that he "did not receive a written notice of the hearing ," but that he received "a verbal notice by an unknown officer and was not told when the hearing would be." Dkt. #6. However, if that is the case, it does not explain why petitioner alleged initially that the notice was deficient because it said "next available docket" without identifying a particular date. Even more troubling, petitioner alleges that he "was told by both his staff representative and an unknown officer that his witnesses would be limited to inmates currently at the FCI Oakdale facility." That allegation is flatly inconsistent with his original petition in which he alleges that he did not receive *any* notice of his right to call witnesses.

I cannot consider claims derived from contradictory allegations, so I will dismiss

2

petitioner's claims that he did not receive a written notice and that he was not informed of his right to call witnesses. The only allegation that is not contradicted by another one is that petitioner was prevented from calling witnesses who could have provided useful testimony because prison officials delayed unnecessarily in holding the hearing until petitioner was transferred to another prison. However, the problem with that claim is that petitioner does not identify a single witness he would have called if he had been given the chance and he identifies no reason that he would need to undertake discovery to determine which witnesses to call. (Petitioner's position at the hearing was that he could not have participated in the riot because he "stayed in [his] room," which would significantly limit the number of witnesses who could testify as to petitioner's location during the riot.). Disciplinary proceedings are subject to a harmless error analysis, so petitioner's failure to identify what he would have done differently dooms his claim. Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003) (concluding that refusal to allow witness at disciplinary hearing was harmless because petitioner failed to explain how testimony would have helped him).

ORDER

IT IS ORDERED that petitioner Martin Alcantar-Lopez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED for petitioner's failure to show that he is in

3

custody in violation of federal law.

Entered this 15th day of June, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge